# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv346

| DANIEL H. BRACKETT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| Vs. | ) | MEMORANDUM AND RECOMMENDATION |
| CONNIE WALKER; and UNITED STATES POSTAL SERVICE, | ) | and ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Substitute the United States and to Dismiss Named Defendants. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the undersigned advised plaintiff, who is proceeding *pro se*, on October 30, 2007, that he carries a heavy burden in responding to a motion to dismiss. The court allowed plaintiff up to November 13, 2007, to respond, and no response has been filed.

In this case, the individual defendant contends that she is not a proper defendant to this action and that the United States of America should be substituted as the correct defendant. In support of this request, the United States Attorney has certified that defendant Connie Walker was at all times acting within the scope of her employment when the alleged tort occurred. Further, the defendants have shown as a matter of law that federal agencies, such as the United States Postal Service, are not amenable to suit in tort. 28 U.S.C. § 2679(a).

Plaintiff was advised that, based upon such showing, the burden now shifts to

1

him to refute this certification and prove to the court by a preponderance of the evidence that Defendant Walker was not acting within the scope of her employment. The court further advised that specific evidence is required and plaintiff cannot rely on conclusory allegations or speculation for failure to state a cause of action.

No showing in rebuttal having been made, the undersigned, the court will recommend that Defendant Walker be dismissed from this action and that the United States of America be substituted for the United States Postal Service as the proper defendant.

Finally, the court has before it defendant's Motion to Stay Initial Attorneys Conference. The undersigned will grant such motion, and stay such requirement until 14 days after the district court disposes of defendants' Motion to Substitute the United States and to Dismiss Named Defendants.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Substitute the United States and to Dismiss Named Defendants (#2) be **ALLOWED,** that defendant Connie Walker be dismissed, and that the United States of America be **SUBSTITUTED** as the proper party defendant for the named defendant United States Postal Service.

## ORDER

**IT IS ORDERED** that the government's Motion to Stay Initial Attorney's Conference (#5) is **GRANTED**, and that the requirement of conducting an IAC is **STAYED** and reset to 14 days from the district court's disposition of the defendants' Motion to Substitute the United States and to Dismiss Named Defendants (#2).

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 19, 2007

Dennis L. Howell
United States Magistrate Judge